## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**YOLANDA HERNANDEZ,**
Plaintiff,

**v.**                                          **CASE NUMBER: 02-2750 (DRD)**

**SMITHKLINE BEECHAM**
**PHARMACEUTICAL, et. al.,**
Defendants.

### OPINION AND ORDER

Pending before the Court are co-defendants SmithKline Beecham Pharmaceutical, and Jose Ramon Rivera's *Verified Request for Preliminary and Permanent Injunctive Relief Barring Re-Litigation of Decided Issues* (Docket No. 60).[1] Co-defendants move the Court to issue a preliminary and permanent injunction enjoining plaintiff to relitigate before the local state courts issues of disability discrimination, sexual harassment, wrongful discharge, retaliation, and intentional infliction of emotional distress previously decided by this Court. Co-defendants sustain that pursuant to the doctrine of "collateral estoppel" or "issue preclusion" plaintiff is precluded from litigating said issues. For the reasons stated herein, defendants' *Verified Request for Preliminary and Permanent Injunctive Relief Barring Re-Litigation of Decided Issues* (Docket No. 60) is hereby **DENIED**.

### FACTUAL BACKGROUND

Plaintiff filed the instant claim against co-defendants SmithKline Beecham and Jose Ramon Rivera for allegedly discriminating against plaintiff due to her age and disability, for failure to provide a reasonable accommodation, for allowing defendants' employees to create a hostile work environment by allowing plaintiff being sexual harassed, and for unlawfully having discharged plaintiff. Co-defendants moved for summary judgment on November 15, 2004. The Court referred

---

[1] The Court notes that on April 13, 2006, defendants filed an *Urgent Motion Regarding Request for Preliminary and Permanent Injunction to Prevent Plaintiff from Re-litigating Issues Decided by the Court* (Docket No. 66) reiterating their request for the issuance of the preliminary and permanent injunction as averred in the instant pending motion. Therefore, co-defendants' *Urgent Motion Regarding Request for Preliminary and Permanent Injunction to Prevent Plaintiff from Re-litigating Issues Decided by the Court* (Docket No. 66) is hereby **NOTED**. The Court further **NOTES** defendants' *Motion Submitting Certified Translation of Exhibit to Defendants' Motion Requesting Preliminary and Permanent Injunctive Relief* (Docket No. 64).

said dispositive motion to then Magistrate Judge Aida Delgado, now U.S. District Judge, for a Report and Recommendation (R&R) (Docket Nos. 45 and 46). The R&R recommended that co-defendants' motion be granted in its entirety (Docket No. 49). The Court adopted *in toto* the R&R and issued an Opinion and Order wherein plaintiff's claims against the individual defendants under the American with Disabilities Act (ADA), and under Title VII were dismissed with prejudice; plaintiff's claims pursuant to ADA were dismissed with prejudice; and plaintiff's hostile work environment claims under Title VII against defendants were dismissed with prejudice (Docket No. 56). However, plaintiff's claims pursuant to local state law were dismissed without prejudice.

Subsequently, plaintiff filed a complaint against the appearing co-defendants before the local state courts alleging that plaintiff had been subjected to disability discrimination, sexual harassment, wrongful discharge, retaliation and intentional infliction of emotional distress. Co-defendants sustain that inasmuch these issues have been litigated and ruled upon by this Court, plaintiff is precluded from raising said issues before the local state courts.

On May 5, 2006, the Court held an Injunction Hearing. Specifically, defendants moved the Court to preclude plaintiff from "relitigating or averring any facts in support of their continuous violation theory to support their hostile work environment claim under local law inasmuch as this Court determined that the same are time barred". Further, co-defendants move the Court "to enjoin plaintiff from litigating [in the local state court] any claim under Act 100 and Act 115, as well as relitigat[ing] in state court the disability discrimination, sexual harassment, wrongful termination, and intentional infliction of emotional distress claims". Finally, defendants were granted leave to file a supplemental motion raising the preclusion defense as to other issues and claims allegedly previously decided by this Court.[2]

## LEGAL FRAMEWORK

### A. The injunction relitigation exception

The All Writs Act, 28 U.S.C. §1651 provides that:

> The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective [federal jurisdiction] and agreeable to the usages and principles of law.

---

[2] The Court notes that on May 4, 2006, an Order was issued deeming defendants' request for injunctive remedy as unopposed for plaintiff's failure to timely submit its oppositions to defendants' requests (Docket No. 69). Similarly, on May 18, 2006, the Court once again entered an Order deeming unopposed defendants' supplemental motion (Docket No. 71).

The power vested in federal courts by the All Writs Act to enter injunctive relief is limited by the Anti-Injunction Act and various equitable conditions.  See *In Re G.S.F. Corp.*, 938 F.2d 1467, n.6 (1st Cir. 1991).  In its relevant parts, the Anti-Injunction Act, 28 U.S.C. §2283, provides that:

> A court of the United States may not grant an injunction to stay proceedings in a State Court except as expressly authorized by Act of Congress, **or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments**.

28 U.S.C. §2283 (Emphasis added).  In the instant case there is a valid judgment, hence the Court is vested with the authority to issue a re-litigation injunction in accordance with the exceptions provided by statute.

However, as pointed by the Supreme Court, "the exceptions are designed to ensure the effectiveness and supremacy of federal law" but "the exceptions are narrow and are 'not to be enlarged by statutory construction" .  *Chick Kam Choo v. Exxon Corporation*, 486 U.S. 140, 146 (1988).  Moreover, the re-litigation exception is founded in the doctrine of *res judicata* and was designed to vest the federal court with the authority "to prevent further state litigation of an issue that was previously presented to and decided by the federal court".  *Chick Kam Choo*, 486 U.S. at 147.  Furthermore, in order to apply the relitigation exception, an essential prerequisite is that the claims or issues sought to be precluded from relitigation in state proceedings must have been decided by the district court.  *Chick Kam Choo*, 486 U.S. at 147 (citations omitted).  However, the prerequisite is to be considered "strict and narrow".  *Id*.  Accordingly, district courts moved to issue an injunction under the relitigation exception must avoid rendering *post hoc* judgments as "to what the order was intended to say".  *Id*, (emphasis in the original)(citing *Atlantic Coast Line R. Co. v. Locomotive Engineers*, 398 U.S. 281 (1970)).  Finally, federal courts are reminded that "the fact that an injunction *may* issue under the Anti-Injunction Act does not mean that it *must* issue".  *Chick Kam Choo*, 486 U.S. at 151 (emphasis in the original).

**B. *Res Judicata* and Collateral Estoppel**

The doctrines of  res judicata and collateral estoppel  preclude relitigation of claims and/or issues which have been or could have been litigated in a prior judicial action for which judgment has been rendered.  *Baez-Cruz v. Municipality of Comerio*, 140 F.3d 24 (1st Cir. 1998); *Apparel Art International, Inc. v. Amertex Enterprises Ltd.*, 48 F.3d 576 (1st Cir. 1995), quoting Allen v. *McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411 (1980); see also *Parklane Hoistery Co., Inc. v. Shore*, 439

U.S. 322, 326, n. 5, 99 S.Ct. 645, 649 (1979). The First Circuit has also indicated that "*res judicata* operates as an absolute bar to the relitigation of the same cause of action between parties (or their privies) and that a prior judgment rendered on the merits is conclusive not only to the issues which were determined but as to all matters which might have bene determined as well." *Westcott Const. v. Firemen's Fund of New Jersey*, 996 F.2d 14, 16 (1st Cir. 1993)(quoting *Griffin v. State of R.I.*, 760 F.2d 359, 360 (1st Cir. 1991)).

Under federal law, *res judicata* principles provide that "a final judgment on the merits of an action precludes the parties or their privies from relitigating claims that were raised or could have been raised in that action." *Apparel Art Int'l v. Amertex Ltd.*, 48 F.3d at 583. In other words, *res judicata* "binds parties from litigating or relitigating any issue that was or could have been litigated in a prior adjudication." *Futura Development Corp. v. Centex Corp.*, 761 F.2d 33, 42 (1st Cir., 1985). *Res judicata* applies when a final judgment on the merits of the case has been issued and there is sufficient identity between the parties and the causes in both suits.[3] *Ortiz Camerón v. Drug Enforcement Admin.*, 139 F.3d 4, 5 (1st Cir. 1998)(citations omitted). Accordingly, pursuant to federal *res judicata* principles, the previous judgment has become the law of the case, and the Court is barred from addressing the issue for a second time. *United States v. Mendoza*, 464 U.S. 154, 158, 104 S.Ct. 568, 571 (1984)("[O]nce a court has decided an issue of fact or law necessary to its judgment, that decision is conclusive in a subsequent suit based on a different cause of action involving a party to the prior litigation.").

However, it should be noted that although the doctrine of *res judicata* is extensive to all claims and precludes any ulterior motive to raise those issues that were not considered during the first judicial proceeding, it has been held that its barring effects do not apply in those cases in which the doctrine's application would deprive a party of its due process rights. *Arecibo Radio Corp. v. Commonwealth*, 825 F2d 589 (1st Cir. 1987). Furthermore, even if a party raises some new theory in its second time at bat, said act does not constitute a new cause of action precluding the barring effects of the doctrine. *Futura Development Corp. v. Centex Corp.*, 761 F.2d at 44; 18 *Moore's Federal Practice and Procedure*, §131.21[b] (Matthew Bender 3d ed.).

Now, as to issue preclusion, "[t]he principle of collateral estoppel, or issue preclusion, bars

---

[3] According to the applicable jurisprudence, the requirements of *res judicata* doctrine under the federal law framework are: 1) a final judgment on the merits in an earlier action; 2) sufficient identity between the causes of action asserted in the earlier and later suits; and 3) sufficient identity between the parties in both suits. See *Porn v. National Grange Mutual Insurance Company*, 93 F.3d 31, 34 (1st Cir. 1996)(citations omitted).

relitigation of any factual or legal issue that was actually decided in previous litigation 'between the parties, whether on the same or a different claim'". *Keystone Shipping Co. v. New England Power Co.*, 109 F.3d 46, 51 (1st Cir.1997) (citations omitted). "When the parties in a subsequent action are the same as those in a prior one, a party seeking to invoke the doctrine of issue preclusion must establish four essential elements: (1) the issue sought to be precluded must be the same as that involved in the prior action; (2) the issue must have been actually litigated; (3) the issue must have been determined by a valid and binding final judgment; and (4) the determination of the issue must have been essential to the judgment." *Id.* (citations omitted).

Having laid out the applicable legal framework, the Court proceeds to examine movant's request for Preliminary and Permanent Injunction as an exception to the Anti-Injunction Act. We analyze the matter without the benefit of plaintiff's opposition.

## LEGAL ANALYSIS

An examination of the Opinion and Order issued by the Court (Docket No. 56) reveals the following rulings were provided:

1) Plaintiff's ADA, and Title VII claims seeking defendant's individual liability were dismissed with prejudice because this District Court has consistently ruled that no individual liability attaches under such claims.

2) As to plaintiff's ADA claims against the employer SmithKline Beecham, the Court dismissed with prejudice said claims because plaintiff failed to establish a *prima facie* case of discrimination under ADA.

3) Plaintiff's Title VII claims against SmithKline Beecham relating to the alleged sexual harassment in the modality of hostile work environment by co-defendant Jose Ramon Rivera, the Court bifurcated its analysis. As to the claims relating to incidents occurring before the 8th day of January 2000, the Court concluded that said claims were time barred because they fell outside the 300 days period provided by statute to file and plaintiff had failed to allege that said violations were continuing in nature. Then, as to the timely filed claims, the Court held that the conduct displayed by co-defendant Mr. Jose Ramon Rivera, as alleged by plaintiff amounted to comments made in poor taste not sufficiently severe nor pervasive and/or physically threatening or humiliating enabling plaintiff to sustain a hostile work environment claim, nor said conduct was made within the required frequency to establish a hostile working environment, nor said comments interfered with plaintiff's work performance all under federal law standards. Similarly, the Court deemed that the alleged

sexually charged comments made by the co-defendant were not overtly sexual nor physically threatening and/or were made to humiliate or demean plaintiff hence, in summary, the Court concluded, under federal law standards, that said comments were to be regarded as "offensive utterances" but did not raise to hostile environment level as the action was not sufficiently pervasive. Similarly, the Court concluded that plaintiff failed to establish that the conduct which created the alleged hostile work environment could be imputed to SmithKline.

4) As to plaintiff's termination from employment, the undersigned concluded that plaintiff was terminated from her employment with SmithKline Beecham due to her behavioral outburst threatening to kill co-workers and not as retaliatory conduct relating to any harassment charge filed against co-defendant Jose Ramon Rivera. Accordingly, the Court reasoned that the employer was entitled to raise the *Farrager/Ellerth* affirmative defense due to plaintiff's failure to take advantage of the employer's grievance procedure.

5) As to plaintiff's supplemental claims, the Court, without entertaining the merits of said claims, reasoned that plaintiff's causes of action under local statute should be dismissed without prejudice and addressed by the local courts since the Court was dismissing the federal claims early on in the proceedings pursuant to <u>Rodriguez v. Doral Mortgage Corp.</u>, 57 F.3d 1168, 1177 (1st Cir. 1995).

As stated throughout the instant Opinion and Order, the Court has been moved to issue an injunction under the relitigation exception of the Anti-Injunction Act without plaintiff's position as to the remedies sought by defendant since plaintiff failed to timely file its position as to said request. However, at this time, the Court is reluctant to grant, and must deny, the remedies sought for the reasons stated hereinafter. The Court explains.

As has been expressed throughout the instant Opinion and Order a federal court may issue an injunction under the relitigation exception provided by §2283 in one of three circumstances, to wit, as expressly authorized by Act of Congress, or where necessary in aid of the federal's court jurisdiction, or to protect or effectuate the federal court's judgments. In the instant case, the first exception is inapplicable hence, only the "in aid of its jurisdiction" and/or "to protect or effectuate its judgments" exceptions are relevant.[4]

In *Atlantic Coast Line Railroad Company v. Brotherhood of Locomotive Engineers, et al.*,

---

[4] The Court notes that SmithKline Beecham concedes that either of said exceptions are the only possible grounds for its request, see Docket No. 60.

398 U.S. 281 (1970), the Supreme Court examined the appropriateness of such a remedy and the circumstances under which it should be granted. In the words of the Supreme Court:

> First, a federal court does not have inherent power to ignore the limitations of [§]2283 and to enjoin state court proceedings merely because those proceedings interfere with a protected federal right or invade an area preempted by federal law, even when the interference is unmistakably clear. This rule applies regardless of whether the federal court itself has jurisdiction over the controversy, or whether it is ousted from jurisdiction for the same reason that the state court is. Cf. *Amalgamated Clothing Workers v. Richman Bros.*, supra, 348 U.S. at 519-520, 75 S.Ct. at 457-458. This conclusion is required because Congress itself set forth the only exceptions to the statute, and those exceptions do not include this situation. **Second, if the District Court does have jurisdiction, it is not enough that the requested injunction is related to that jurisdiction, but it must be 'necessary in aid of' that jurisdiction. While this language is admittedly broad, we conclude that it implies something similar to the concept of injunctions to 'protect or effectuate' judgments.** Both exceptions to the general prohibition of [§]2283 imply that some federal injunctive relief may be necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case. Third, no such situation is presented here. Although the federal court did have jurisdiction of the railroad's complaint based on federal law, the state court also had jurisdiction over the complaint based on state law and the union's asserted federal defense as well. *Jacksonville Terminal*, supra, 394 U.S. at 375-377, 390, 89 S.Ct. at 1113-1115, 1122. While the railroad could probably have based its federal case on the pendent state law claims as well, *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), it was free to refrain from doing so and leave the state law questions and the related issue concerning preclusion of state remedies by federal law to the state courts. Conversely, although it could have tendered its federal claims to the state court, it was also free to restrict the state complaint to state grounds alone. Cf. *England v. Louisiana State Board of Medical Examiners*, 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964). In short, the state and federal courts had concurrent jurisdiction in this case, and neither court was free to prevent either party from simultaneously pursuing claims in both courts. *Kline v. Burke Constr. Co.*, 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226 (1922); cf. *Donovan v. City of Dallas*, 377 U.S. 408, 84 S.Ct. 1579, 12 L.Ed.2d 409 (1964). Therefore the state court's assumption of jurisdiction over the state law claims and the federal preclusion issue did not hinder the federal court's jurisdiction so as to make an injunction necessary to aid that jurisdiction. Nor was an injunction necessary because the state court may have taken action which the federal court was certain was improper under the *Jacksonville Terminal* decision. **Again, lower federal courts possess no power whatever to sit in direct review of state court decisions.** If the union was adversely

affected by the state court's decision, it was free to seek vindication of its federal right in the Florida appellate courts and ultimately, if necessary, in this Court. Similarly if, because of the Florida Circuit Court's action, the union faced the threat of immediate irreparable injury sufficient to justify an injunction under usual equitable principles, it was undoubtedly free to seek such relief from the Florida appellate courts, and might possibly in certain emergency circumstances seek such relief from this Court as well. (Emphasis added.)

*Atlantic Coast Line Railroad Company v. Brotherhood of Locomotive Engineers, et al.*, 398 U.S. 281 at 294-296.  Evidently, a movant seeking an injunctive remedy as an exception to the Anti-Injunction Act has the burden of proof showing that the remedy sought is "necessary in aid of [federal] jurisdiction ... [meaning that the relief is] necessary to prevent a state court from interfering with a federal court's disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case".  *Atlantic Coast Line Railroad Company*, U.S. 281 at 295.  In the instant case, the record is devoid of any evidence showing how this court's jurisdiction may be affected nor how the disposition in the state court will interfere should the injunctive remedy not be granted.

Furthermore, in analyzing the propriety of the injunction under the statutory exception, the Court of Appeals for the Ninth Circuit has stated that:

> The limitations expressed in the Anti-Injunction Act 'rest[ ] on the fundamental constitutional independence of the States and their courts,' *Atlantic Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs,* 398 U.S. 281, 287, 90 S.Ct. 1739, 26 L.Ed.2d 234 (1970), and reflect 'Congress' considered judgment as to how to balance the tensions inherent in such a system,' *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 146, 108 S.Ct. 1684, 100 L.Ed.2d 127 (1988). **Rooted firmly in constitutional principles, the Act is designed to prevent friction between federal and state courts by barring federal intervention in all but the narrowest of circumstances.** See *Alton Box Bd. Co. v. Esprit de Corp.*, 682 F.2d 1267, 1271(9th Cir.1982); *Bennett v. Medtronic,* 285 F.3d 801, 805 (9th Cir.2002). **Accordingly, the limited exceptions to the Anti-Injunction Act will not 'be enlarged by loose statutory construction.**' *Atlantic Coast Line,*398 U.S. at 287, 90 S.Ct. 1739. Rather, '**[a]ny doubts as to the propriety of a federal injunction against state court proceedings [will] be resolved in favor of permitting the state courts to proceed,**' id. at 297, 90 S.Ct. 1739, which means that we will uphold an injunction only on 'a strong and unequivocal showing' that such relief is necessary, Bechtel *Petroleum, Inc. v. Webster*, 796 F.2d 252, 253-54(9th Cir.1986).  (Emphasis added.)

*Sandpiper Village Condominium Association, Inc. v. Louisiana-Pacific Corporation*, 428

F.3d 831, 842 (9th Cir. 2005).  The sister court's conclusion shows that unless there is a "strong and unequivocal showing" that the injunctive remedy must be issued in order to aid the court's jurisdiction or to protect or effectuate the court's judgment, due to principles of comity to avoid unnecessary federal intervention, the proceedings before the local state courts must be allowed to proceed forth.  Courts have reiterated that the adoption of a strict construction is consistent with the recognition that the Anti-Injunction Act "in part rests in the fundamental constitutional independence of the States and their courts ...".  *Atlantic Coast*, 398 U.S. at 287.

The Eleventh Circuit Court of Appeals has reached similar conclusions as to this matter.  In *National Railroad Passenger Corp. v. State of Florida*, 929 F.2d 1532 (11th Cir. 1991) the appellate court concluded that:

> This statute, with a lineage that postdates the ratification of the Bill of Rights by a mere two years, (footnote omitted) is designed 'to prevent needless friction between state and federal courts.' *Oklahoma Packing Co. v. Oklahoma Gas & Elec. Co.,* 309 U.S. 4, 9, 60 S.Ct. 215, 218, 84 L.Ed. 537 (1940). To preserve the delicate lines of demarcation between the state and federal systems set out in the Anti-Injunction Act, the Supreme Court has strictly abided by the Act's language. As the Court stated in *Amalgamated Clothing Workers of America v. Richman Bros.*, 348 U.S. 511, 515-16, 75 S.Ct. 452, 455, 99 L.Ed. 600 (1955): 'This is not a statute conveying a broad general policy for appropriate *ad hoc* application. Legislative policy is here expressed in a clear-cut prohibition qualified only by specifically defined exceptions.' Since Congress has declined to amend the Act since the Court rendered this interpretation, we are obliged to continue to adhere stringently to that position. See *Atlantic Coast Line R.R. v. Brotherhood of Locomotive Eng'rs*, 398 U.S. 281, 287, 90 S.Ct. 1739, 1743, 26 L.Ed.2d 234 (1970). **Thus, '[p]roceedings in state courts should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately' the United States Supreme Court. *Id.* at 287, 90 S.Ct. at 1743. Furthermore, to ensure that 'the fundamental constitutional independence of the States and their courts' is preserved, the limited exceptions to the Act's general prohibition are not to be 'enlarged by loose statutory construction.' *Id.***
> ...
> As the Supreme Court stated in *Atlantic Coast Line Railroad*, '**a federal court does not have inherent power to ignore the limitation of § 2283 and to enjoin state court proceedings merely because those proceedings interfere with a protected federal right or invade an area preempted by federal law.**' *Id.* at 294, 90 S.Ct. at 1747; see also *T. Smith & Son, Inc. v. Williams*, 275 F.2d 397, 407 (5th Cir.1960). (Footnote omitted). This rule applies 'even when the interference is unmistakably clear,' and 'regardless

of whether the federal court itself has jurisdiction over the controversy.' *Atlantic Coast Line R.R.,* 398 U.S. at 294, 90 S.Ct. at 1747; see also *Chick Kam Choo v. Exxon Corp.,* 486 U.S. 140, 149, 108 S.Ct. 1684, 1691, 100 L.Ed.2d 127 (1988) (reaffirming, in case involving 'relitigation exception,' that preemption is not exception to Anti-Injunction Act). Furthermore, as the Fifth Circuit has held, 'the result is [not] any different because the federal preemption is such as to deprive the state court of jurisdiction.' *Texas Employers' Ins. Ass'n v. Jackson,* 862 F.2d 491, 498 (5th Cir.1988) (en banc), cert. denied, 490 U.S. 1035, 109 S.Ct. 1932, 104 L.Ed.2d 404 (1989). (Emphasis added.)

*National Railroad Passenger Corp. v. State of Florida*, 929 F.2d at 1536-37.

Curiously, sister courts have made a distinction as to the appropriateness of the remedy depending on the grounds for the request. For instance, in *Bennett v. Medtronic, Inc.*, 285 F.3d 801 (9th Cir. 2002) the Court of Appeals for the Ninth Circuit made the following analysis:

The Act creates a presumption in favor of permitting parallel actions in state and federal court. *Id.* (holding that 'neither court was free to prevent either party from simultaneously pursuing both claims' in state and federal court); see also *Vendo v. Lektro Vend Corp.,* 433 U.S. 623, 642, 97 S.Ct. 2881, 53 L.Ed.2d 1009 (1977) (plurality)('We have never viewed parallel in personam actions as interfering with the jurisdiction of either court ...'); *Kline v. Burke Const. Co.,* 260 U.S. 226, 230, 43 S.Ct. 79, 67 L.Ed. 226 (1922) ('Each court is free to proceed in its own way and in its own time, without reference to the proceedings in the other court.').(Footnote omitted). Thus, a parallel in personam state court proceeding does not, in and of itself, present the sort of impediment envisioned by *Atlantic Coast.* See *Lou v. Belzberg*, 834 F.2d 730, 740 (9th Cir.1987) (determining 'in aid of jurisdiction' exception did not permit district court to enjoin a shareholder's derivative suit in state court that was similar to the case before the district court).

Parallel in personam actions in state court seriously impede a federal court's ability to adjudicate a case only where the state court proceeding threatens to 'render the exercise of the federal court's jurisdiction nugatory.' *Winkler v. Eli Lilly & Co.*, 101 F.3d 1196, 1202 (7th Cir.1996)(quoting Martin H. Redish, *The Anti-Injunction Statute Reconsidered,* 44 U. Chi. L.Rev. 717, 754 (1977)). **Thus, there are only very limited circumstances where such a threat exists in personam cases.** See e.g. *Flanagan v. Arnaiz*, 143 F.3d 540, 545 (9th Cir.1998)(injunction necessary to effectuate a settlement agreement over which federal court had retained jurisdiction); *Sycuan Band of Mission Indians v. Roache,* 54 F.3d 535, 540 (9th Cir.1994)(injunction necessary to preserve integrity of exclusive federal jurisdiction); *Swann v. Charlotte-Mecklenburg Bd. of Ed.,* 501 F.2d 383, 383-384 (4th Cir.)(invoking Act in school desegregation case); *Winkler,* 101 F.3d at 1202 (invoking Act in multi-district litigation).

> **The threat posed by a parallel state court proceeding is most acute when federal jurisdiction is dependent upon a res. For that reason, the most prominent 'in aid of jurisdiction' exception is for in rem actions. Where a state court proceeding interferes with a federal court's jurisdiction over a res, the federal court may enjoin the state court proceedings.** See *Vendo,* 433 U.S. at 641, 97 S.Ct. 2881; *Mitchum v. Foster,* 407 U.S. 225, 235, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972); *Kline* 260 U.S. at 229, 43 S.Ct. 79; *Federal Shopping Way, Inc. v. Owners of NW 20 Real Estate,* 717 F.2d 1264, 1274 (9th Cir.1983). Consistent with this approach, injunctions are permitted where an in personam action bears substantial similarity to an in rem action. See *Alpine Land & Reservoir*, 174 F.3d 1007, 1013-1014 (9th Cir.1999) (water rights sufficiently similar to in rem actions). (Emphasis added.)

*Bennett v. Medtronic, Inc.*, 285 F.3d 801, 805-806 (9th Cir. 2002). *Bennett* shows that the propriety of the remedy rests in making a distinction between in personam and in rem actions. The instant case is an in personam action and movant has failed to show how the state court proceedings would interfere with the judgment entered by this Court nor how, in and of itself, present the sort of impediment envisioned by *Atlantic Coast* nor that failure to issue the remedy sought would threaten to "render the exercise of the federal court's jurisdiction nugatory".

Finally, the Court points to the fact that *Thomas v. Albright*, 77 F.Supp.2d 114 (D.D.C. 1999), *affd.*, 247 F.3d 260 (D.C. Cir. 2001) relied upon by defendants in support of their position seeking the injunctive remedy as an exception to the Anti-Injunction Act, is inapposite to movants' theory. Rather, said case sustains the conclusions reached by the sister courts and adopted herein. The Court explains.

In *Thomas*, the Court granted the injunctive remedy for the sole reason that the federal district court had approved a settlement agreement for all the members of the class action, and after an appeal was taken and the ruling confirmed by the appellate court, several of the class plaintiffs attempted to prosecute a malpractice claim under local law against their legal representatives in the federal claim. The issue of adequacy of legal representation in the federal proceeding had been adjudicated by the trial and appellate federal court. Consequently, the *Thomas* court enjoined the local state court from addressing said claim and the related issues, reasoning that allowing the local proceedings to continue forth would result in the nullification of its findings in the fairness of the settlement previously reached in the federal proceedings.

In summary, the undersigned deems that SmithKline Beecham has failed to establish a

meritorious request moving the Court to grant the injunctive remedy as an exception to the Anti-Injunction Act precluding plaintiff from raising certain issues before the local state courts. Certainly, the instant case does not fall within the boundaries provided by statute and the applicable jurisprudence. As stated previously, the instant request fails to "unequivocally and strongly" show that the remedy is "necessary in aid of [federal] jurisdiction", or that it is "necessary to protect or effectuate" a judgment. Neither this case falls within the exception showing that the local court's action will interfere with the federal court's consideration or disposition of a case impairing the federal court's flexibility and authority to decide said case nor that being an in personam action, the state court proceedings "threatens to render the exercise of the federal court's jurisdiction a nugatory". Moreover, the undersigned deems that since all of plaintiff's claims pursuant to local law were dismissed without prejudice, the local court is the proper forum to address whether the issues previously adjudicated by this Court are necessary elements of the causes of action pursued by plaintiff before the local courts or whether plaintiff should be barred from raising those issues under collateral estoppel and/or *res judicata* principles.

Finally, defendants also seek an injunctive remedy precluding plaintiff from raising claims under local state Act No. 100 and Act No. 115.[5] The Court deems that the defendants' request to enjoin the local courts from entertaining plaintiff's claims pursuant to Act 100 and Act 115 fails for the same reasons that the issue preclusion request failed. The Court further deems that defendants' request is grounded on *res judicata* and/or collateral estoppel principles which may and should be properly raised and adjudicated before the local courts and should defendant not be satisfied with the outcome, judicial review must follow before the local appellate courts. The federal court's action is limited by the presumption of state court jurisdiction as expressed in §2283 pursuant to the doctrine of *Atlantic Coast Line R.R.*, 398 U.S. at 287.[6]

---

[5] The Court notes that a cause of action pursuant to Act No. 100 was filed by plaintiff before this Court and was dismissed without prejudice in the Opinion and Order issued at Docket No. 56.

[6] The Court has identified at least the issue of plaintiff's termination from employment due to her emotional outburst and threatening to kill co-workers as covered by the Court's judgment at least by collateral estoppel doctrines if not by *res judicata* which potentially would be outcome determinative as to the pending Law 100 and Law 115 claims under local law. Other claims by plaintiff may as well be covered under at least collateral estoppel doctrines. Notwithstanding, because the Court's jurisdiction and/or judgment is not threatened, the matter must be raised and decided by the state court. *Atlantic Coast Line R.R.*, 398 U.S. at 287 (calling for the matter to be raised "through the state appellate system").

## CONCLUSIONS

For the reasons stated herein, the Court hereby **DENIES** co-defendants' *Verified Request for Preliminary and Permanent Injunctive Relief Barring Re-Litigation of Decided Issues* (Docket No. 60) as the litigated matters must be submitted to state court since the federal judgment is not in jeopardy.  Comity to state court mandated the instant solution.  After all, "[c]omity is a two way street requiring a delicate balancing of sometimes-competing state and federal concerns". *Thomas v. Davis*, 192 F.3d 445, 454 (4th Cir. 1999)(citations omitted).[7]


**IT IS SO ORDERED.**
In San Juan, Puerto Rico this 6th day of June 2006.


**S/DANIEL R. DOMINGUEZ**
**DANIEL R. DOMINGUEZ**
**U.S. DISTRICT JUDGE**

---

[7] This Court shall be alert to the state system observing similar comity (two way street) as to the federal system.

Page 13 of  13