IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| EDWIN LOPEZ MULERO,<br><br>Plaintiff,<br><br>HON. SONIA VELEZ COLON, et als.,<br><br>Defendants. | Civil No. 05-2346 (DRD) |

## ORDER

Pending before the Court is defendants' *Motion to Dismiss* (Docket No. 16), of plaintiff's claims under Title I of the American with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* Plaintiff failed to timely reply to defendants' dismissal request. This matter was referred to the United States Magistrate Judge McGiverin ("Magistrate") for report and recommendation (Docket entries No. 38 and 39). By order of the Court, however, plaintiff submitted additional documentary evidence, such as the complaint filed with the Equal Employment Opportunity Commission ("EEOC"), and the "right to sue" letter issued by the EEOC[1] (Docket No. 44). The *Report and Recommendation* was filed on February 27, 2007 (Docket No. 46). In the *Report and Recommendation*, the Magistrate recommended that defendants' motion to dismiss be granted. As of this date, no objections have been filed, thus, the Court deems this matter submitted. For the reasons set forth below, the *Report and Recommendation* issued by the Magistrate is adopted *in toto*.

## Standard of Review

The district court may refer dispositive motions to a United States Magistrate Judge for a report and recommendation. 28 U.S.C. § 636(b)(1)(B); Rule 72(b) of the Federal Rules of Civil

---

[1] The "right to sue" letter was notified to plaintiff on October 4, 2005. The instant complaint was filed on December 28, 2005.

Procedure ("Fed.R.Civ.P."); Local Civil Rule 72(a) of the Local Rules of the United States District Court for the District of Puerto Rico ("L.Civ.R."). *See Mathews v. Weber*, 423 U.S. 261 (1976). An adversely affected party may contest the Magistrate's report and recommendation by filing its objections within ten (10) days after being served a copy thereof. *See* Fed.R.Civ.P. 72(b) and L.Civ.R. 72(d). Moreover, 28 U.S.C. § 636(b)(1) (1993), in pertinent part, provides that:

> Within ten days of being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. **A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.** A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.

(Emphasis ours).[2]

"Absent objection, ... [a] district court ha[s] a right to assume that [the affected party] agree[s] to the magistrate's recommendation." *Templeman v. Chris Craft Corp.*, 770 F. 2d 245, 247 (1st Cir. 1985), *cert. denied*, 474 U.S. 1021 (1985). Moreover, "failure to raise objections to the Report and Recommendation waives that party's right to review in the district court, and those claims not preserved by such objections are precluded on appeal." *Davet v. Maccarone*, 973 F. 2d 22, 30-31 (1st Cir. 1992). *See also Sands v. Ridefilm Corp.*, 212 F.3d 657, 663 (1st Cir. 2000); *Henley Drilling Co. v. McGee*, 36 F.3d 143, 150-151 (1st Cir. 1994) (holding that objections are

---

[2] As stated in the *Order of Referral* (Docket No. 38), the parties were properly advised that any objections to the Magistrate's *Report and Recommendation* were to be filed within five (5) business days of notification. *See* L.Civ.R. 72(d); *see also* 28 U.S.C. § 636(b)(1). Furthermore, the Court set aside the three (3) day term provided by L.Civ.R. 5.1. *See* Docket No. 38; *see also, U.S. v. Diaz-Villafane*, 874 F.2d 43, 46 (1st Cir. 1989)(*quoting Braxton v. Bi-State Dev. Agency*, 728 F.2d 1105, 1107 (8th Cir. 1984) "[i]t is for the district court to determine what departures from it rules may be overlooked"). Notwithstanding, the five (5) day period and the ten (10) day period normally granted have elapsed and no objection has been made to the Report and Recommendation.

required when challenging findings actually set out in magistrate's recommendation, as well as magistrate's failure to make additional findings); *Lewry v. Town of Standish*, 984 F.2d 25, 27 (1st Cir.1993) (stating that "[o]bjection to a magistrate's report preserves only those objections that are specified"); *Keating v. Secretary of H.H.S.*, 848 F.2d 271, 275 (1st Cir. 1988); *Borden v. Secretary of H.H.S.*, 836 F.2d 4, 6 (1st Cir. 1987) (holding that appellant was entitled to a *de novo* review, "however he was not entitled to a *de novo* review of an argument never raised"). *See also United States v. Valencia*, 792 F.2d 4, 6 (1st Cir.1986); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 605 (1st Cir.1980).

In the instant case, an opposition to the Magistrate Judge's *Report and Recommendation* was not filed. Thus, the Court, in order to accept the unopposed *Report and Recommendation*, needs only satisfy itself by ascertaining that there is no "plain error" on the face of the record. *See Douglass v. United Servs. Auto, Ass'n*, 79 F.3d 1415, 1419 (5th Cir. 1996)(*en banc*)(extending the deferential "plain error" standard of review to the unobjected legal conclusions of a magistrate judge); *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)(*en banc*)(appeal from district court's acceptance of unobjected findings of magistrate judge reviewed for "plain error"); *Nogueras-Cartagena v. United States*, 172 F.Supp.2d 296, 305 (D.P.R. 2001)("Court reviews [unopposed] Magistrate's Report and Recommendation to ascertain whether or not the Magistrate's recommendation was clearly erroneous")(adopting the Advisory Committee note regarding Fed.R.Civ.P 72(b)); *Garcia v. I.N.S.*, 733 F.Supp. 1554, 1555 (M.D.Pa. 1990)("when no objections are filed, the district court need only review the record for plain error").

As previously explained, since the Magistrate Judge's *Report and Recommendation* is unopposed, this Court has only to be certain that there is no "plain error" as to the Magistrate Judge's

conclusions, in order to adopt the same. After a careful analysis, the Court finds no "plain error" and agrees with the Magistrate's conclusions. We would reach the same decision even if the *Report and Recommendation* had been timely objected.

## Analysis

In the instant case, Plaintiff did not object the *Magistrate Judges's Report and Recommendation* (Docket No. 46). After careful review and in absence of plain error, the Court **ACCEPTS, ADOPTS and INCORPORATES** by reference, the Magistrate's *Report and Recommendation* (Docket No. 19), to the instant Order. The Court agrees *in toto* with the Magistrate's conclusions: (a) the complaint is timely, as plaintiff filed the complaint within the 90 day period from the notice of the "right to sue" letter;[3] (b) the complaint fails to state a claim under ADA against the defendants in their individual capacities, as personal liability is not allowed under the ADA; (c) the complaint fails to state a claim as to the defendants in their official capacities, as the claims are barred by the sovereignty provision of the Eleventh Amendment;[4] (d) the complaint fails to request an injunctive relief to stop the alleged discrimination, only monetary damages were requested; (e) money damages under Title I of the ADA are not recoverable in an action brought by state employees against the State, as monetary recovery is barred by the Eleventh Amendment; and (f) this Court's ruling to decline to exercise its supplemental jurisdiction over plaintiff's state law claims, as plaintiff has not been able to show that there are grounds for a federal

---

[3] The court notes, however, that plaintiff's EEOC claim is time barred, as it was filed after the 180 day period had elapsed. The record shows that the Charge of Discrimination was filed on March 10, 2005, and the change in work accommodation that triggered the alleged discrimination was formally notified to plaintiff in May 2004 (Docket No. 44).

[4] The Constitution of the United States.

claim.

Although the Court finds no plain error in the Magistrate's *Report and Recommendation*, the Court expands the analysis on the ADA provisions. This *addendum*, however, will not alter the conclusions and recommendations made by the Magistrate, as to the dismissal of the instant action.

The ADA is an important piece of federal legislation directed to protect a private individual with a disability from any type of discrimination in the work environment. As stated by the Magistrate, the complaint is silent as to who is the employer, and on which capacity the defendants are being sued.

The ADA lacks a definition of "who is an employee beyond the circular provision that an 'employee' is 'an individual employed by an employer.' 42 U.S.C. §§ 2000e(f), 12111(4). Indeed, the Supreme Court has noted that 'employee' does not have 'some intrinsically plain meaning.'" (Citation omitted). *De Jesus v. LTT Card Services, Inc., et al.*, 474 F.3d 16, 21 (1st Cir. 2007). For example, "the mere fact that an individual is on the payroll is not necessarily dispositive of his or her status as an employee." *Id.*

A determination of who is the employer and who is the employee, for discrimination purposes, is crucial when determining personal liability, if any. In *Contreras Bordallo, et al. v. Banco Bilbao Vizcaya de Puerto Rico, et al.*, 952 F.Supp. 72, 73-74 (D.P.R. 1997), *citing Colon Hernandez v. Wangen*, 938 F.Supp. 1052, 1064-1065 (D.P.R. 1996), we discussed who is an employer, and quoted Judge Laffitte's analysis on who is an employer under the ADA and the Civil Rights Act:

> The overall language of Title VII, the Legislative history, and the Civil Rights Act of 1991 demonstrate that Congress used the word "agent" in the definition of "employer" to incorporate the doctrine of

> respondeat superior into the law [citations omitted]. There is absolutely no mention in the statute language or in the legislative history of Title VII's application to individual defendants (footnote omitted). As it was with other civil rights statutes such as Section 1981, Congress would have included individuals like supervisors as potential liable parties ... Finally the language of the Civil Rights Act reflects Congress' pellucid desire to protect small corporate entities from the burdens of litigating discrimination lawsuits (footnote omitted). It shields all defendants with lower than fifteen employees from liability, 42 U.S.C. § 1931a(a)(3) (1994). Moreover, for defendants with more than fourteen employees, it limits the amount for compensatory and punitive damages recoverable proportionally to the number of total employees. *Id.* Once again as with Title VII, there was absolutely no discussion of expanding liability to include individual defendants (footnote omitted). Indeed it would be nothing short of bizarre if Congress placed such heightened emphasis and concern on limiting the damages recoverable against small corporate entities and yet simultaneously, silently exposed all individual defendants to unlimited liability."
>
> Since the law is totally silent as to individual liability, and the word "agent" has been incorporated in the definition of "employer" to include the doctrine of respondeat superior [that is, to create liability for the employer upon conduct of certain supervisory employees] but not to establish individual liability, and further Congress has been meticulous in limiting the liability of small entities, this Court deems appropriate to leave to Congress, after consideration and debate, the matter of individual liability of supervisors.

In the instant case, the Magistrate held that assuming that the defendants are sued in their official capacities, then the employer is the Commonwealth of Puerto Rico, and plaintiff is impaired to recover any monetary damages from the State in the federal courts, as the States are protected by the Eleventh Amendment. Suits filed by States' employees to recover money damages based on the State's failure to comply with the ADA provisions are "barred by the Eleventh Amendment." *Board of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 360 (2001). As also stated by the Magistrate, if we assume that the defendants are sued in their personal capacities, the action under the ADA

cannot proceed, as the defendants are not plaintiff's employer, thus, they are not personally liable to plaintiff under the ADA.[5]

In the instant case, plaintiff is a State employee, the complaint only seeks monetary damages for the alleged discrimination. The Court notes that plaintiff has not been discharged from his job. Thus, in the instant case, the Court is barred from awarding money damages, as plaintiff's claim is barred by the sovereignty of the State. *Garrett*, 531 U.S. at 360.

## Conclusion

---

[5]

Furthermore, most courts have held there is no federal cause of action against natural persons under Title VII, and other federal discrimination cases. As this district has previously explained:

Although the First Circuit has yet to decide whether a Title VII plaintiff may maintain a suit against an individual in his personal capacity, most circuits have held that no personal liability can be attached to agents or supervisors under Title VII. *See* Serapion v. Martinez, 119 F.3d 982 (1st Cir. 1997) (declining to address the issue of individual liability); *but see* Gastineu v. Fleet Mortgage Corp., 137 F.3d 490, 493 (7th Cir. 1998) (citing Williams v. Banning, 72 F.3d 552 (7th Cir. 1995), where no individual liability under Title VII was found); Lissau v. Southern Food Serv., Inc., 159 F.3d 177, 180-81 (4th Cir. 1998) (no individual liability under Title VII); Wathen v. General Elec. Co., 115 F.3d 400, 405-06 (6th Cir. 1997) (same); Haynes v. Williams, 88 F.3d 898 (10th Cir. 1996) (same); Dici v. Com. of Pa., 91 F.3d 542 (3rd Cir. 1996) (same); Tomka v. Seiler Corp., 66 F.3d 1295 (2nd Cir. 1995) (same); Gary v. Long, 313 U.S. App. D.C. 403, 59 F.3d 1391 (D.C. Cir. 1995) (same); Lenhardt v. Basic Institute of Technology, Inc., 55 F.3d 377 (8th Cir. 1995) (same); Smith v. Lomax, 45 F.3d 402 (11th Cir. 1995) (same); Grant v. Lone Star Co., 21 F.3d 649 (5th Cir. 1994) (same); Miller v. Maxwell's International, Inc., 991 F.2d 583 (9th Cir. 1993) (same). Like the majority of the circuit courts, this District has generally held that individual defendants are not liable under Title VII. *See* Canabal v. Aramark Corp., 48 F. Supp.2d 94, 95-98 (D. Puerto Rico 1999) (Pieras, J.); Acevedo Vargas v. Colon, 2 F. Supp.2d at 206; Pineda v. Almacenes Pitusa, Inc., 982 F. Supp. 88, 92-93 (D. Puerto Rico 1997); Hernandez v. Wangen, 938 F. Supp. 1052 (D. Puerto Rico 1996); Anonymous v. Legal Services Corporation, 932 F. Supp. 49, 50-51 (D. Puerto Rico 1996).

The Court is compelled by the reasoning of previous decisions within this District. Title VII's statutory structure suggests that Congress did not intend to impose individual liability over supervisors or agents of employer. Padilla Cintron v. Rossello Gonzalez, 247 F.Supp.2d 48 (D.P.R. 2003). *See generally* the well developed and persuasive analysis of District Judge Laffitte in Flamand v. American International Group, Inc., 876 F.Supp. 356, 361-64 (D.P.R. 1994).

*See Sanchez Ramos v. Puerto Rico Police Department, et al.*, 392 F.Supp.2d 167, 179, n.6 (D.P.R. 2005).

Further, there is a potentially serious constitutional jurisdictional bar to authorize individual liability as to an employee-employee relationship under *United States v. Lopez, Jr.*, 514 U.S. 549, 555, 558-559 (1995), in that Congress would have to justify that interstate commerce is being affected as to individual liability of employees.

For the reasons stated above, this Court finds that there is **no plain error** in the Magistrate Judge's excellent *Report and Recommendation* (Docket No. 46).[6] Accordingly, defendants' *Motion To Dismiss* (Docket No. 16) is hereby **GRANTED.**  Plaintiff's claim under Title I of the ADA is hereby **DISMISSED** with prejudice, and the state law claims are hereby **DISMISSED without PREJUDICE.**   Judgment will be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 30th day of March, 2007.

> s/Daniel R. Domínguez
> DANIEL R. DOMINGUEZ
> U.S. District Judge

---

[6]
> "The Court need not go further for it refuses to write at length to no other end than to hear its own words resonate as to the instances alleged as errors by plaintiff.
>
> Where, as here, a [Magistrate] has produced a first-rate work product, a reviewing tribunal should hesitate to wax longiloquence simply to hear its own words resonate."

See *Lawton v. State Mut. Life Assu. Co. of Am.*, 101 F. 3d 218, 220 (1st Cir. 1996); and *In re San Juan Dupont Plaza Hotel Fire Litig.*, 989 F. 2d 36, 38 (1st Cir. 1993).